IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAMALE LOCKETT, JW-3561, )
    Petitioner, )
     )
    v. ) 2:15-cv-1636
     )
RICHARD C. SMITH, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Tramale Lockett and inmate at the Center County Correctional Facility has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Lockett was charged with carrying a firearm without a license at No. CP-02-CR-6943-2007 in the Court of Common Pleas of Allegheny County, Pennsylvania. He entered a guilty plea and was sentenced on November 20, 2007 to a nine to eighteen month period of incarceration effective March 24, 2007 to be followed by five years' probation.[1] He was ordered released on parole on December 14, 2007 at the expiration of his minimum sentence.[2] As a result of his probation violation, on January 13, 2011, he was sentenced to a three to six year period of incarceration for the firearm violation with credit for 207 days already served.[3] An appeal was taken to the Superior Court which was discontinued on March 16, 2011.[4]

    On February 23, 2011 petitioner requested recalculation of his sentence to allow credit for 272 days of pretrial incarceration between March 24, 2007 through December 21, 2007.[5] On June 10, 2011, the Court of Common Pleas denied the recalculation explaining:

> The defendant is not entitled to the requested time credit since the requested time has already been applied to his original sentence of 9-18 months. The sentence that this Court imposed on November 20, 2007, was effective as of March 24, 2007, which enabled the defendant to be released from incarceration on December 21, 2007.

---

[1] App. 15-24.
[2] App. 25.
[3] App.26-29. This credit was for time Lockett was incarcerated after his original release on parole on December 14, 2007 and prior to the imposition of the current sentence on January 13, 2011.
[4] App. 36,51.
[5] App. 53-58.

1

> The defendant was incarcerated for 8 months and 27 days of his 9 to 18 month sentence. He was released shortly after his sentencing date because he was given time credit from March 24, 2007, to his sentencing date. Therefore, the defendant is not entitled to the requested time credit of March 24, 2007 through November 20, 2007. Additionally, the statutory maximum for defendant's conviction is 7 years. This Court's probation violation sentence of 3 to 6 years is not illegal. The maximum sentence of 6 years combined with the time the defendant spent incarcerated for his original sentence is less than the 7-year statutory maximum.[6]

As a result of this determination, on August 12, 2011, Lockett's post-conviction petition was denied. At the same time he was advised of his right to appeal to the Superior Court within thirty days but did not appeal.[7]

On April 15, 2015, petitioner sought a writ of *coram nobis* to correct his sentence.[8] This was followed by a May 1, 2015 post-conviction petition and a request for reinstatement of his post-conviction rights.[9] On December 8, 2015 the latter applications were treated as a post-conviction petition and dismissed[10] and on December 15, 2015, Lockett submitted a notice of appeal.[11]

In the instant petition executed on December 7, 2015 and received in this Court on December 14, 2015, Lockett contends that he is entitled to relief on the following grounds:

1. Ineffective trial counsel who failed to challenge his sentence and pursue an appeal.
2. Trial court sentencing error for not crediting him with the original 9 to 18 month sentence when it imposed the three to six year sentence.[12]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[6] App. 95. Petitioner had served 8 months and 28 days prior to the imposition of his original sentence and adding this time served to his final three to six year sentence still results in a sentence which is below the statutory seven year maximum.
[7] App. 97
[8] App. 100
[9] App. 102-140.
[10] App. 184.
[11] App. 187.
[12] See: pp.2-4 of the petition.

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, an appeal from the January 13, 2011 sentence was taken to the Superior Court and then discontinued. Thus, his sentence became final on February 12, 2011 when the time in which to appeal expired or at the very latest on March 16, 2011 when he withdrew his appeal.[13] Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought recalculation of his sentence/post-conviction relief on February 11, 2011. That petition was denied on August 12, 2011 and the petitioner was advised of his appellate rights, however, no appeal was pursued. Almost four years later, on April 15, 2015 Lockett filed a *corum nobis* application and on May 1, 2015 he filed a post- conviction petition raising the same issues.[14]

The instant petition was executed on December 8, 2015 or over four years after it could have been submitted. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless some equitable basis for tolling the statute is demonstrated. Holland v. Florida, 560 U.S. 631, 645 (2010).

---

[13] Pa.R.App.P. 903(a).
[14] We note that the latter petitions were dismissed on December 8, 2015 and are now the subject of an appeal to the Superior Court.

However, in his petition no basis for invoking equitable tolling is set forth, nor does any reason other than neglect explain the delayed filing. For this reason the petition is time barred.

However, even if not time barred the petitioner's allegations are meritless.

First he alleges that counsel was ineffective for failing to challenge his sentence. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

The sentence imposed is a matter of state law and not subject to review by a federal court unless it exceeds that statutory maximum. LaBoy v. Carroll, 437 F.Supp.2d 260 (D.Del.2006) relying on Bozza v. United States, 330 U.S. 160 (1947). In the instant case, petitioner pled guilty to violating 18 P.S. § 6106 §§A1 which is classified as a third degree felony subject to a period of incarceration of not more than seven years (18 Pa.C.S.A. §1103(3)). The petitioner was sentenced within the statutory maximum with credit given for time served.[15] For this reason counsel cannot be deemed ineffective for failing to raise a meritless issue. Real v. Shannon, 600 F.3d 302 (3dCir. 2010).

---

[15] Petitioner argues that his original maximum sentence of nine to eighteen months prohibits the later imposed six year maximum resulting in a maximum sentence of seven and a half years which is in excess of the statutory maximum. This argument is meritless in view of the fact that the six year sentence with the credit for all time served was therefore within the statutory maximum. See: June 10, 2011 Memorandum of the trial court, supra.

4

His final issue is that his sentence was improperly calculated. As set forth above there was no improper calculation, and his sentence was within the statutory maximum, and for this reason is not subject to review here.

Because the instant petition is untimely, and even if it is deemed timely, it is meritless, the petition of Tramale Lockett for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.[16]

An appropriate Order will be entered.

Filed:  February 29, 2016                                s/ Robert C. Mitchell
                                                         United States Magistrate Judge

---

[16] Petitioner's Motion for Summary Judgment, essentially alleging the same facts will be terminated as moot.